UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| KEVIN HEGWOOD | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 2:11 CV 292 |
| | ) |
| LIGHTHOUSE RECOVERY ASSOC., LLC. | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Before the Court is Defendant, Lighthouse Recovery Associates, LLC.'s ("Lighthouse's") "Motion for Judgment on the Pleadings" [DE 20] filed on December 22, 2011. Plaintiff responded on January 5, 2012 to which Lighthouse replied on January 11, 2012. For the following reasons, Lighthouse's Motion will be GRANTED.

**FACTUAL BACKGROUND**

After Lighthouse, a third-party debt collector, contacted the Plaintiff, Kevin Hegwood ("Hegwood"), in an attempt to collect a debt, Hegwood filed the instant lawsuit asserting that Lighthouse violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. ("FDCPA") by threatening litigation and through the use of false and deceptive means. According to Hegwood's Complaint, Lighthouse placed a collection call to him on his work telephone and demanded payment for a pay day loan Hegwood is obligated to repay. (Complaint, ¶8)[1]. Hegwood returned the

---

[1] The date of the collection call is not recorded in the Complaint but presumably it was before the end of June, 2011.

1

collection call and Lighthouse's agent told Hegwood that payment was required by the end of June, 2011 or it would "move forward with the matter." Thereafter, Hegwood offered to pay $200 within 7-10 days, which the agent rejected.

During the course of the call, Hegwood inquired from the agent why he was receiving phone calls at work. According to Hegwood, the agent then stated that attempts to contact him at home or on his cellular telephone were previously unsuccessful in collecting the debt. Hegwood's Complaint asserts that this statement by the agent is false and deceptive and that there were no previous attempts to contact him on his home or cellular telephone to collect the debt.

Thereafter, on August 15, 2011, Hegwood filed the present Complaint asserting violations of the FDCPA and seeking statutory relief as well as attorney's fees. Lighthouse has moved for judgment on the pleadings contending that even if the facts alleged by Hegwood are true, it is entitled to judgment as a matter of law. It is to this contention that the court now turns.

## **Applicable Standard**

Federal Rule of Civil Procedure 12(c) permits a defendant to move for a judgment on the pleadings after a complaint and answer have been filed. Fed.R.Civ.P. 12(c). The Court reviews Rule 12(c) motions under the same standard it reviews motions under Rule 12(b) (6). *Buchanon–Moore v. County of Milwaukee,* 570 F.3d 824, 827 (7th Cir.2009). Thus, the Court takes the facts alleged in the complaint as true and views them in the light most favorable to the plaintiff. *Id.* The Court need not, however, ignore facts set forth in the complaint that undermine the plaintiff's claim. *Id.* Dismissal is appropriate where the pleadings fail to state a claim that is plausible on its face. *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Mindful of this standard, the court turns now to the Defendant's motion.

**DISCUSSION**

As set out above, Hegwood asserts that two actions by Lighthouse violate the FDCPA. First, Hegwood claims that Lighthouse improperly threatened litigation when it told him that it would "move forward" if payment was not made by June, 2011. Second, he asserts that Lighthouse used false and deceptive means in an attempt to collect a debt when it lied to him about previously contacting him using his home or cell number. The court considers these arguments in reverse order.

The FDCPA protects consumers against harassment and unfair collection methods. *Muha v. Encore Receivable Mgmt., Inc.,* 558 F.3d 623, 627 (7th Cir.2009). To accomplish this purpose, § 1692e of the FDCPA broadly prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." *Id.* § 1692e. It then has a non-exhaustive list of conduct that violates the Act. Hegwood specifically relies on §1692(e)(10) which proscribes "the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." He contends that Lighthouse misled him and provided false information when it told him they had contacted him previously at either his home or cellular address when it had not. He contends that this tactic was designed to mislead him into believing he was being uncooperative in the debt collection process.

For purposes of this motion, Lighthouse does not dispute that its agent falsely told Hegwood that it had previously contacted him when it had not done so.[2] Instead, Lighthouse asserts that no consumer would have been moved to action as a result of the misrepresentation. It contends that the Seventh Circuit has taken a somewhat restricted view of what conduct is actionable under the

---

[2]Lighthouse does argue that Hegwood only pleads in his Complaint that the agent said he previously "attempted" to contact him at home and that this contention is insufficient to state a claim since Hegwood does not assert knowledge of whether or not the agent actually made an attempt.

FDCPA. For instance, not all misleading statements are actionable; a misleading statement must have the ability to influence a consumer's decision. *O'Rourke v. Palisades Acquisition XVI, LLC* 635 F.3d 938, 941-942 (7th Cir. 2011); *Hahn v. Triumph P'ships LLC,* 557 F.3d 755, 758 (7th Cir.2009) ("A statement cannot mislead unless it is material, so a false but non-material statement is not actionable."); *accord Miller v. Javitch, Block & Rathbone,* 561 F.3d 588, 596 (6th Cir.2009). Similarly, the Seventh Circuit has refused to stretch the language of the Act or its purpose. See *Tinsley v. Integrity Financial Partners, Inc.*, 634 F.3d 416 (7th Cir.2011) (refusing to extend the Act and calling the Plaintiff's position "gibberish," and an "implausible understanding" of the Act.); *O'Rourke*, 635 F.3d at 943 (refusing to extend the protections to non-consumers). Here, Lighthouse argues there is no plausible way that Hegwood would have been deceived or misled into action by this misrepresentation as a matter of law.

In response, Hegwood boldly asserts to the Court that no materiality requirement exists under §1692. (*See Response Brief p. 9:* "Defendant erroneously argues that the false representation must be 'material'"). *This* assertion is a material misrepresentation of the applicable law. Indeed, the courts have across the board held that materiality is a key component for liability to attach to a claim under §1692(e)(10). *See Warren v. Sessoms & Rogers, P.A.,* 2012 WL 76053, 7 (4th Cir. January 11, 2012) ("Although Congress did not expressly require that any violation of § 1692e be material, courts have generally held that violations grounded in 'false representations' must rest on **material** misrepresentations."); *Hahn*, 557 F.3d at 757 ("We do not see any reason why **materiality** should not equally be required in an action based on § 1692e. The statute is designed to provide information that helps consumers to choose intelligently, and by definition immaterial information neither contributes to that objective (if the statement is correct) nor undermines it (if the statement is

4

incorrect)"); *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1033 (9th Cir. 2010) (adopting the Seventh Circuit's position that "false but nonmaterial representations are not likely to mislead ... and therefore are not actionable under §§ 1692e or 1692f.").

In this case, the Court agrees with Lighthouse that, even if true, there is nothing in the pleadings which support the conclusion that the statement by its agent that it had previously spoken with the debtor is so material to the debtor's decision-making process so as to affect his ability as a consumer to make an informed decision regarding a debt. The FDCPA exists to protect the consumer from misleading statements that affect the consumer ability to intelligently interact with the creditor or make other informed decisions on how to proceed. For this reason it applies an "unsophisticated debtor" standard. The "unsophisticated debtor is 'uninformed, naive, [and] trusting' but is also assumed 'to possess rudimentary knowledge about the financial world and is capable of making basic logical deductions and inferences.' " *McKinney v. Cadleway Props., Inc.,* 548 F.3d 496, 503 (7th Cir.2008).

Applying that standard here, a reasonable unsophisticated consumer, presented with the statement alleged in this case, has the personal knowledge of the statement's truth or falsity right in front of him. He knows whether he spoke to someone or did not. He can then assess that knowledge and disregard the assertion if it's false (as alleged here); there is no guess work involved and a reasonable consumer would afford it no weight in the decision-making process. This is not a situation where the consumer is provided a false or misleading account statement or some other type of information critical to the decision as to whether to pay or not pay the debt and is so trusting and uninformed so as to pay the debt based on the collector's say so. Thus, the court concludes that the alleged statement by Lighthouse that it previously spoke with Hegwood, was immaterial to Hegwood

and is insufficient to hold Lighthouse accountable under §1692(e). *See Muha v. Encore Receivable Management, Inc.,* 558 F.3d 623, 627 (7th Cir. ,2009) ("If the average unsophisticated consumer would not be influenced by a statement rightly or wrongly claimed to be literally false, the case should end right there.") Accordingly, the Motion for Judgment on the Pleadings is GRANTED as to this claim.

Next, Hegwood asserts in his Complaint that Lighthouse threatened litigation when it told him it would "move forward" if payment was not received by June, 2011, thereby violating §1692(e)(5). That section prohibits debt collectors from threatening "any action that cannot legally be taken or that is not intended to be taken." Lighthouse asserts that it is entitled to judgment because the words "move forward with the matter" cannot be construed as a litigation threat at all, *see Jenkins v. Union Corp.,* 999 F.Supp. 1120 (N.D.Ill.,1998) (third debt collection letter, which mentioned the word "litigation," did not impermissibly threaten litigation in violation of the Fair Debt Collection Practices Act (FDCPA); letter was not from attorney, it was written on collection agency's letterhead, it contained no language implying that legal action was underway or imminent, and it discussed litigation in hypothetical terms), and even if the words can be construed as threatening litigation, §1692(e)(5) requires the threat to be false (i.e., action cannot legally be taken) or the creditor does not intend to sue. According to Lighthouse, there are no plausible allegations in the Complaint setting forth the absence of intent to sue.

In response, Hegwood asserts that the fact that Lighthouse did not file suit against him before or during the present litigation is prima facie proof that Lighthouse did not intend to take legal action. Unfortunately for Hegwood, the court needn't spend much time on this argument as the Central District of Illinois recently rejected the same argument set forth by Hegwood here, i.e., that

a failure of a debt collector to sue is proof of lack of intent.  *Porter v. Law Office of Charles G. McCarthy, Jr. & Associates*, 2011 WL 3320331 (C.D. Ill. 2011).

In that case, brought by the same law firm as the attorneys representing Hegwood[3], the court concluded that although the debt collector *had* threatened legal action in three separate letters to the debtor, the debt collector was entitled to judgment as a matter of law because there was no evidence that the threats were empty threats.  As here, the attorneys in *Porter* argued that the failure to file a lawsuit was primary evidence of lack of intent.  The court disagreed, noting that the period of inaction was a few months, not years as had been alleged in other cases cited by the Plaintiff, where intent had been implied[4]:

> Because of the language contained in the letters and because the letters came from an attorney, I conclude that the three letters would appear, to the unsophisticated yet reasonable debtor, to contain a threat of litigation. But that is not enough for the claim to succeed. Threats by debt collectors to sue the delinquent debtor do not violate the FDCPA, unless the threats are empty threats, made when litigation was not actually intended...
>
> In this case, Porter received her three letters on August 26, September 14 and October 14, 2009. She filed this lawsuit on November 2, 2009. Hence, the periods of inaction that are relevant here are 1, 2 and 3 months. I agree ... that such short periods of time are inadequate to demonstrate that Defendant's threat to sue was an empty one.
>
> Plaintiff suggests that the creditors failure to sue while this FDCPA litigation is pending indicates lack of intent as well. No authority is cited for that proposition, which is understandable. A creditor who brought suit in apparent response to the filing of a FDCPA action would appear to be acting in retaliation. Placing creditors between such a rock and a hard place is not what the statute intends when it prohibits empty threats.

---

[3]Although the Defendant cited this case in its opening brief, Hegwood's attorney, who clearly should be aware of this case, conspicuously ignores it in the response.

[4]*See Drennan v. Van Ru Credit Corp.,* 950 F.Supp. 858 (N.D.Ill.1996) (holding that inaction by the creditor for over a year after threatening litigation demonstrates lack of intent to sue).

>Other than the period of inaction, Plaintiff has put before the Court no evidence demonstrating lack of intent to sue. Because Plaintiff does bear the burden of proof, this lack of evidence...is fatal to her claim Accordingly, I conclude that, while the letters did contain what an unsophisticated debtor might reasonably construe as a threat to sue, there is no evidence sufficient to support an inference that the threat was an empty one. Without such evidence, the threat to sue does not violate section 1692e(5) the FDCPA.

*Porter v. Law Office of Charles G. McCarthy, Jr. & Associates,* 2011 WL 3320331 at * 7.

In this case, other than the fact that no suit has been filed to date, the Complaint sets forth no allegations of lack of legal authority or intent to sue by Lighthouse. Moreover, as in *Porter,* the time lapse is a matter of months, not years. Hegwood was told that if payment was not made by June 2011, matters would "move forward." He then filed the instant lawsuit in August 2011. This small 2 month lapse in time is insufficient, in light of *Porter*, to set out the contention that Lighthouse did not intend to sue. Accordingly, the Defendant is entitled to Judgment on the Pleadings.

## **CONCLUSION**

Based on the foregoing, Lighthouse's Motion for Judgment on the Pleadings is GRANTED. The Clerk is directed to enter judgment in favor of Lighthouse.

Entered: This 1st day of March, 2012

s/ William C. Lee<br>United States District Court